UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARELLA BRAUN + MARTEL LLP,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>    Defendant. | Case No. 24-cv-01746-SI<br><br>**ORDER RE: MARCH 4, 2025 DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 57, 58 |

On March 4, 2025, plaintiff lodged its third discovery complaint in this case in three months, alleging that defendant's discovery responses remain inadequate. Dkt. No. 57. Specifically, plaintiff argues that defendant failed to provide an adequate privilege log and that it has artificially narrowed its search terms to exclude relevant documents from being produced. *Id.* Plaintiff requests further sanctions in the form of precluding defendant from asserting any of the defenses listed in its Answer. *Id.*

Defendant countered that it has produced all the responsive non-privileged documents it has found in its possession. Dkt. No. 58. Defendants provided its privileged documents to the Court for an in camera review, as well as the latest copy of its privilege log. The Court finds that the privileged documents correspond to the descriptions in the latest privilege log and are appropriately labeled as privileged. Even though it appears a proper log was not timely produced by defendant, the Court declines to issue the further sanctions requested by plaintiff on this basis.

However, the Court shares plaintiff's frustration about the slow production of documents and defendant's equivocal language about whether it has fully produced all the relevant documents in its possession. *See* Dkt. No. 58 at 3 ("FDIC-R asserts that the number of documents provided are those currently identified as relevant to the requests propounded to FDIC-R."). Defendant's

continued insistence on a "rolling production" violates the Court's January 7, 2025 order, which required the production of all responsive documents by January 17, 2025. Dkt. No. 50. The Court therefore orders defendant to submit a sworn declaration to the Court that it has fully complied with the Court's prior orders and that all relevant nonprivileged documents in its possession have been produced. If defendant is not sure if this is the case, it must immediately conduct any final searches. Defendant must submit this statement to the Court by Wednesday, March 26, 2025.

The Court also reaffirms its prior sanctions order from February 14, 2025 directing defendant "to pay attorneys' fees and costs incurred by plaintiff associated with obtaining the FDIC's compliance after the January 17, 2025 deadline." Dkt. No. 52. The Court encourages both sides to pursue this action judiciously and efficiently, as the costs associated with litigating this case and its related case could quickly surpass the actual amount in controversy.

**IT IS SO ORDERED**.

Dated: March 21, 2025

_____
SUSAN ILLSTON
United States District Judge