UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARELLA BRAUN + MARTEL LLP,<br><br>   Plaintiff,<br><br>   v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>   Defendant. | Case No. 24-cv-01746-SI<br><br>**ORDER RE: APRIL 15 AND APRIL 24, 2025 DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 66, 67, 68 |

On March 19, 2025, the Court granted the parties' stipulation to extend pending fact discovery through April 30, 2025. Dkt. No. 62. As that deadline approaches, the parties have filed several discovery statements with the Court. *See* Dkt. Nos. 66, 67, 68.

Plaintiff asks the Court to require defendant to appoint an outside vendor to search for relevant documents, since additional documents were uncovered during a deposition after defendant's counsel had certified its document production was complete. Defendant contends the belatedly produced notes "merely mirror" material already provided. The Court DENIES plaintiff's request for the appointment of an outside search vendor, but ORDERS defendants to conduct one final search and re-certify to the Court that is has no further responsive documents in its possession.

Plaintiff also wants the Court to order that defendant produce a more competent Rule 30(b)(6) witness for deposition. According to plaintiff, defendant's witness could not speak to the denials and defenses in defendant's Answer. Defendant argues that the witness provided requisite detail on the FDIC's claim process and why plaintiff's claim for reimbursement was denied by defendant. However, defendant also notes that the witness "was a late substitution for another employee who became ill." This indicates that another individual employed by defendant had been originally designated for the deposition. The Court therefore ORDERS defendant to make another

Rule 30(b)(6) witness available for plaintiff. Should plaintiff choose to proceed with an additional deposition, the deposition must take place by May 31, 2025.

For its part, defendant requests that the Court compel the production of relevant documents and extend discovery. Plaintiff contends that it has produced all the relevant documents in its possession. The Court ORDERS plaintiff to file a declaration that it has completed production and has no additional responsive documents. The Court does not consider a general extension of the discovery period to be necessary.

Lastly, both parties request sanctions against the other. Plaintiff requests that the Court issue sanctions that prevent defendant from asserting any of the defenses in its answer. Defendant likewise seeks sanctions against plaintiff. The Court DENIES both requests for additional sanctions.

**IT IS SO ORDERED**.

Dated: May 2, 2025

_Susan Illston_
SUSAN ILLSTON
United States District Judge