UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARELLA BRAUN + MARTEL LLP,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Defendant. | Case No. 24-cv-01746-SI<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 71 |

The central issue in this case is whether plaintiff is owed $19,737.69 in additional fees for legal work allegedly performed for the First Republic Bank before it failed. In a companion case before this Court, Case No. 24-1306, plaintiff seeks $48,831.75 in additional fees for legal work allegedly performed for Silicon Valley Bank before it failed. Defendant Federal Deposit Insurance Corporation, acting as a receiver for these failed banks, partially disallowed reimbursement to plaintiff in these amounts.

However, the parties have spent most of their time fighting about discovery matters rather than what the Court perceives to be the relatively simple merits of the case. The Court previously sanctioned defendant and awarded plaintiff attorney's fees. Dkt. No. 52. Plaintiff now seeks those fees. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is suitable for resolution without oral argument, and VACATES the June 13, 2025 hearing. For the reasons discussed below, the Court GRANTS plaintiff's motion in part and awards fees in the amount of $10,064.

**BACKGROUND**

Plaintiff served requests for the production of documents on September 13 and 16, 2024.

Dkt. No. 48, Exs. 1-2. After the discovery process stalled, the parties turned to the Court on January 3, 2025. Dkt. Nos. 48, 49. Defendants requested on that date two weeks to prepare its document production. Dkt. No. 49 at 9. On January 7, 2025, the Court acknowledged that request and ordered production of "all documents responsive to plaintiff's requests by January 17, 2025." Dkt. No. 50. After defendant failed to produce all responsive documents, the parties submitted another discovery statement on February 10, 2025. Dkt. No. 51. On February 14, 2025, the Court reiterated that defendant must provide all responsive documents, setting a new deadline of February 18, 2025. Dkt. No. 52. The Court explained that defendant's intention to provide rolling discovery "ignor[ed] the plain terms of the Court's prior order." *Id.* The Court sanctioned defendant, ordering it "to pay attorneys' fees and costs incurred by plaintiff associated with obtaining the FDIC's compliance after the January 17, 2025 deadline." *Id.* The order also postponed the close of fact discovery from the end of February to the end of March.[1] *Id.*

Plaintiff filed another discovery complaint on March 4, 2025, seeking issue preclusion sanctions that would prevent defendant from asserting defenses. Dkt. No. 55. On March 21, 2025, the Court denied issue preclusion sanctions but reaffirmed its prior sanctions award for payment of attorney's fees. Dkt. No. 64. The Court also ordered defendant to submit a sworn declaration to the Court stating that it had produced all relevant nonprivileged documents in its possession. *Id.* at 2. Defendant submitted this declaration on March 26, 2025. Dkt. No. 65. Three weeks later, plaintiff filed another discovery statement with the Court after additional unproduced documents surfaced during a deposition. Dkt. No. 66. Defendant's response requested sanctions against plaintiff for alleged discovery violations. Dkt. No. 67. The parties filed yet another joint statement of a dispute on April 24, 2025. Dkt. No. 68. The Court then issued its fourth substantive discovery order on May 2, 2025, denying both parties' requests for additional sanctions against the other. Dkt. No. 69. The Court ordered the parties to certify—or, in defendant's case, re-certify—they had completed production. *Id.* Plaintiff filed its declaration on May 5, 2025. Dkt. No. 70. On May 21, 2025, defendant belatedly submitted a new declaration regarding discovery in its opposition to plaintiff's

---

[1] On March 19, 2025, the Court extended fact discovery to April 30, 2025 for the purpose of completing pending discovery, as stipulated to by the parties. Dkt. No. 62.

1  present motion.  Dkt. No. 72-1.

2  On May 7, 2025, plaintiff moved for payment of attorney's fees as directed by the Court's
3  February 14, 2025 order.  Dkt. No. 71.  Plaintiff requested payment of $13,237 based on 14.8 hours
4  of work by two attorneys, a partner billing at $1,095 per hour and a senior associate billing at $820
5  per hour.[2]  Dkt. No. 71-1.  Defendant opposed and plaintiff replied.  Dkt. Nos. 72, 73.

**DISCUSSION**

Defendant asserts several categories of arguments against the imposition of fee sanctions, which the Court will consider in turn.  *See* Dkt. No. 72.

First, defendant provides reasons for why the sanctions order was unjust, noting for example that a relative of defendant's in-house counsel passed away in December 2024 and that its response was affected by the Los Angeles wildfires in January.  Without diving into the substance of these arguments, the Court responds that the time for arguing the merits of that decision has passed. Defendant did not raise these points on February 10 in response to plaintiff's request for sanctions. *See* Dkt. No. 51.  Defendant could have filed a motion for reconsideration of the Court's February 14 sanction order with these arguments, but did not do so.

Second, defendant presents arguments that speak to the underlying merits of the litigation. Those questions are not at issue here.

Third, defendant asserts that plaintiff is double billing for work between this case and the related case.  At the Court's direction, plaintiff submitted an additional declaration explaining that, "[w]here there was such overlap [in work for the two cases], the time billed by Plaintiff was equally split between the FRB Case and the SVB Case."  Dkt. No. 75.  Relying upon this sworn representation, the Court finds that plaintiff has not engaged in double billing.

Finally, defendant asserts that plaintiff's request for $13,237 is unreasonable.  Dkt. No. 72 at 11.  Defendant argues three different points in this regard.  It contends the billing rates are "not commensurate with industry standards" but provides no evidence to support this assertion, other

---

[2] Similarly, in related case number 24-1306, plaintiff requests a total of $13,401 based on 15 hours of work by the same two attorneys.  *See* Case No. 3:24-cv-01746-SI, Dkt. No. 71-1.

3

than a statement that defense counsel would not charge that much. *Id.* at 11. The Court finds the billing rates reasonable for the industry. Defendant next argues that plaintiff has supplied duplicative billing, but the Court finds the billing entries reasonable and not redundant. Defendant's last point is that the Court's fee sanctions should not extend to cover work beyond the issuance of the February 14 order because—in defendant's view—the Court did not intend to award prospective relief and defendant complied with its obligations to meet the February 18 deadline. However, the Court reaffirmed the monetary sanctions in its order on March 21, 2025. Dkt. No. 64. The Court therefore finds plaintiff entitled to attorney's fees for work performed up until the issuance of the March 21 order. This amounts to 11.4 billed hours and a total fee of $10,064.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS in part plaintiff's motion and awards plaintiff $10,064 in attorney's fees.

**IT IS SO ORDERED**.

Dated: June 9, 2025

_____
SUSAN ILLSTON
United States District Judge